UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. SAYLOR,<br><br>   Plaintiff,<br><br>  vs.<br><br>ALLISON, et al.,<br><br>   Defendants. | 1:21-cv-01282-GSA-PC<br><br>**ORDER FOR CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED**<br>**(ECF No. 2.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

**I. FINDINGS**

  Bryan E. Saylor ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. §1983.  Plaintiff filed the Complaint commencing this action on August 24, 2021.  (ECF No. 1.)

  On August 24, 2021, Plaintiff filed a motion to proceed *in forma pauperis* along with a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915, (ECF No. 2), and on August 24, 2021, the court granted Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 5).

It appears, from a review of Plaintiff's trust account statement, that Plaintiff can afford the costs of this action. Evidence shows that on August 23, 2021, the average monthly balance in Plaintiff's account during the past six months was $910.99, and the balance of Plaintiff's account was $1,371.20. (Id. at 2.)

The Court notes that some of the funds in Plaintiff's account may be from "stimulus checks." (Id. at 3-4.). However, Plaintiff has not cited to any law, and the Court is not aware of any, preventing "stimulus checks" from being included when determining whether a plaintiff can afford to pay the filing fee. Additionally, other courts in this district have included the funds when making the determination. See, e.g., Hammler v. Zydus Pharmacy, 2021 WL 3048380, at *1-2 (E.D. Cal. July 20, 2021) (considering the plaintiff's "economic impact payments" when determining that the plaintiff was "financially able to pay the filing fee"); Corral v. California Highway Patrol, 2021 WL 2268877, at *1 (E.D. Cal. June 3, 2021) (including the plaintiff's "pandemic stimulus payments" in determining that the "plaintiff has made an inadequate showing of indigency").

Therefore, Plaintiff's *in forma pauperis* status should be revoked, the court's order granting Plaintiff leave to proceed *in forma pauperis* should be vacated, and Plaintiff should be required to pay the statutory filing fee of $402.00 for this action in full within thirty days.

## II. ORDER, RECOMMENDATIONS, AND CONCLUSION

### A. Order

The Clerk of Court is **HEREBY ORDERED** to randomly assign a United States District Judge to this case; and

### B. Recommendations and Conclusion

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's *in forma pauperis* status be revoked;

2. The court's order granting Plaintiff's motion to proceed *in forma pauperis*, issued on August 24, 2021, be VACATED; and

3. Plaintiff be required to pay the $402.00 filing fee for this action in full within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 24, 2021**                            **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE