UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER N. DIOR, <br><br> Plaintiff, <br><br> v. <br><br> ALLISON, et al., <br><br> Defendants. | No. 1:21-cv-01282-KES-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE <br><br> (ECF No. 32) |

Plaintiff is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before Plaintiff's motion for appointment of counsel, filed October 15, 2025. (ECF No. 32.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff submits that all counsel must be appointed under Local Rule 182, and he has been received as indigent by this Court. (ECF No. 32.) As stated above, a prisoner is not entitled to the appointment of counsel simply because he is indigent. Consequently, neither Plaintiff's inability to afford to pay for an attorney, nor a lack of income constitute exceptional circumstances that warrant the appointment of counsel. In addition, Local Rule 182 does not authorize appointment of counsel. Rather, Local Rule 182, address appearances and withdrawals of counsel, not appointment of counsel. Further, because Plaintiff's amended complaint has not yet been screened, it is unclear what the likelihood of success it will have on its merits. Moreover, a cursory review of Plaintiff's original and amended complaints reveals that Plaintiff can articulate the claims at issue. Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **October 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2