UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER NORTH DIOR,

Plaintiff,

v.

KATHLEEN ALLISON, et al.,

Defendants.

No.  1:21-cv-01282-KES-SAB (PC)

FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF

(ECF No. 35)

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.

**I.**

**BACKGROUND**

On November 25, 2025, the Court screened the Plaintiff's first complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 34.)

Plaintiff failed to file a second amended complaint or otherwise respond to the Court's screening order.  Therefore, on January 5, 2026, the ordered Plaintiff to show cause why the action should not be dismissed.  (ECF No. 35.)  Plaintiff has not filed a response and the time to do so has passed.  Accordingly, the operative complaint is Plaintiff's first amended complaint, which fails to state a cognizable claim for relief and dismissal is warranted.

///

1

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.

## ALLEGATIONS OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following individuals as Defendants: (1) Kathleen Allison, Director of CDCR; (2) Heather Shirley, Warden at Wasco State Prison; (3) Ken Clark, Warden at California

State Prison-Corcoran (CSP-COR); (4) K. Suarez, Nurse at CSP-COR; (5) Dr. B. Elledge, Psychiatrist at CSP-COR; (6) K. Silva, Psychiatrist at CSP-COR; and (7) John Doe, correctional officer at CSP-COR.

Plaintiff sues Defendants for denial of medical services while housed at Wasco State Prison and CSP-COR in 2018.  Plaintiff was diagnosed as mentally unwell.

Defendant K. Suarez issued a one-page report which briefly describes Plaintiff as constantly thinking about suicide with no plan to commit the suicide and to continue with the nursing plan.  However, Plaintiff was not provided appropriate medical care.  Plaintiff was asked if he felt suicidal and he stated "no."  Plaintiff never reported suicidal ideations to any prison official.

Plaintiff disputes the description by Defendant Dr. Elledge as to the reason why Plaintiff missed medication rounds.  By June 2020, 8 months before Dr. Elledge documented his report, Plaintiff had filed suit in superior court complaining of being bullied, intimidated, and harassed by a large gang of detainees.  The abuse was memorialized by the description of medical services on two separate occasions (02/2013, 12/2020), by prison employees, each of whom substantively denied Plaintiff access to the medication line.  Dr. Elledge's report shifts the blame for both of those events to Plaintiff and further describes the deliberate indifference.

Defendant T. Sparks issued a one-page report citing delusions of paranoia and persecution an opinion quoted by Defendant K. Silva.  Sparks' opinion was entered 5 months after the filing in the superior court, yet Plaintiff's complaints were substantiated at Valley State Prison in 2021. Plaintiff was not delusional or paranoid and was finally relocated after suffering an assault by a gang member.  Spark's opinion was deliberately indifferent to Plaintiff's medical needs and subjected Plaintiff to the wrong and inadequate medical treatment as Plaintiff is considered a suicide risk.

Defendant Knight issued a three-page report describing Plaintiff as mentally unwell. Plaintiff's complaints are not included in the report and the clinical opinion establishes grounds for inadequate mental health treatment.

///

Defendant Silva issued a fourteen-page report and quotes Defendant Sparks' opinion. Thus, she quoted an old clinical opinion in support of continuing the nursing plan. No attention was given to Plaintiff's actual mental health and treatment needs. Knowing that Plaintiff is clearly identified as a potential suicide risk by CDCR, Plaintiff suffered abuse by prison officials.

**IV.**

**DISCUSSION**

**A.    Linkage Requirement Under Section 1983**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. See 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**B.    Medical Services/Treatment**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin v. Smith, 974 F.2d 1050,

4

1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Farmer, 511 U.S. at 837).

Plaintiff claims that he Defendants filed false medical reports and denied him appropriate medical treatment. Plaintiff's allegations are conclusory and devoid of facts as to precisely what actions Defendants took or what information they had about Plaintiff's medical condition. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.) In addition, false medical reports do not give rise to a cognizable claim. Evans v. Diaz, No. 1:22-CV-00291 ADA BAM PC, 2022 WL 17417816, at *12 (E.D. Cal. Dec. 5, 2022) (failure to state a claim for fabricated medical reasoning in medical report); Martin v. Pfeiffer, No. 1:22-CV-00889 AWI BAM PC, 2022 WL

5

4345686, at *8 (E.D. Cal. Sept. 19, 2022), report and recommendation adopted, No. 1:22-CV 00889 AWI BAM PC, 2022 WL 17406535 (E.D. Cal. Dec. 2, 2022) (Plaintiff's complaint fails to state a claim based on allegations of a false medical injury report); Sanford v. Eaton, No. 1:20-CV-00792 BAM(PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021)(denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, Sanford v. Eaton, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022).  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C.      Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77; see, e.g., Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).  To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom

established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's allegations are not sufficient to state a claim for supervisory liability. Plaintiff's complaint does not include any factual allegations demonstrating or suggesting that Defendants Warden Gamboa and Secretary Macomber participated in or directed the violations involving the alleged contaminated water, or knew of the alleged violations and failed to act to prevent them.  In addition, Plaintiff has not alleged that Defendants have promulgated or implemented a specific policy "so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446. There are no factual allegations in the complaint suggesting that Defendants promulgated or implemented a specific policy to deny medical treatment and/or services.  Plaintiff's conclusory allegations, without more, are not sufficient.

## V.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights

///

///

7

on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge